**IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT**

---

| | |
|---|---|
| NEW IMAGE GLOBAL, INC., | : |
| Plaintiff-Appellant, | : |
| v. | : 19-2444 |
| UNITED STATES, | : |
| Defendant-Appellee. | : |

---

**DEFENDANT-APPELLEE'S MOTION FOR
LEAVE TO WITHDRAW STATEMENTS**

In conjunction with a separate case involving New Image Global, Inc. (New Image) filed at the U.S. Court of International Trade, we recently discovered that statements that were made in good faith during the judicial proceedings of this case were later found to be inaccurate. Although this case is closed, out of a deep commitment to transparency and candor before the Court, defendant-appellee, the United States, respectfully requests leave of the Court pursuant to Federal Circuit Rule 27(a) to withdraw portions of two statements marked through by redline in Attachment 1 to this filing. We have simultaneously filed a similar motion before the U.S. Court of International Trade in the underlying action, Consol. Ct. No. 15-00175.

We conferred with counsel for plaintiff-appellant, Mr. Elon A. Pollack and

Ms. Kayla Owens, of Stein Shostak Pollack & O'Hara, about this motion. On April 20 and 21, 2023, via letter served electronically and email respectively, counsel stated New Image's position as follows:

> New Image opposes the government's motion because it views the government's duty of candor to extend to disclosures to the Court of all the potential ramifications of the government's misrepresentations and the withdrawal of this information from the record of these proceedings. The government's pleadings, Customs lab reports, and all supporting documents produced in discovery, misrepresent that the all samples came from Entry No. BIM-1120692-2. These misrepresentations were material to the court's finding that Customs lab reports were reliable, and the reported weights were accurate. The court, in its own discretion, may provide relief as allowed by law. New Image reserves the right to file a response.

## **BACKGROUND**

This case involved a challenge to U.S. Customs and Border Protection's (CBP) assessment of excise tax on New Image's imports of XXL tobacco cigar wraps under cover of two entries. The excise tax is calculated using the weight of the product. At importation, New Image declared that its XXL wraps weighed 0.75 grams per wrap. In April 2012, CBP weighed samples of the XXL wraps at its Los Angeles laboratory and determined that the XXL wraps weigh, on average,

0.915 grams per wrap. Specifically, CBP used an "indirect method"[1] to weigh New Image's XXL wraps. We explained in our briefing before the Court that: "Using the indirect method, CBP weighed approximately 350 various tobacco cigar wraps from an entry made by New Image in February 2012 (not one of the entries at issue in this case)." *See* Appellee Br. at 7. We also explained that "{o}f the 350 wrappers, 126 were XXL wraps in a variety of flavors" and that the "individual weights of the XXL wraps ranged from 0.875 to 0.96 grams/wrapper with an average weight of 0.915 grams/wrap." *Id.* The laboratory reports identify Entry No. BIM-1120692-2 as the entry from which the XXL wrap samples were taken. Appx0526-0638. CBP assessed increased excise taxes for the XXL wraps using the 0.915 grams per wrap weight, pursuant to these test results. Appellee Br. at 7.[2]

---

[1] "The 'indirect' method entails measuring the weight of the sealed product, then separately measuring the weight of all materials without the tobacco wrap, and 'indirectly' achieving the weight of the tobacco cigar wrap by subtracting the weight of the non-tobacco materials from the weight of the sealed product." *New Image Glob., Inc. v. United States*, Slip Op. 19-90 at 3 (July 23, 2019), Appx0004.

[2] CBP also weighed New Image's products in December 2011 from an entry made by New Image in May 2011. CBP used a direct method of weighing wherein CBP removed the wrap from the package and placed it on the Ohaus Balance scale. Because the chemicals added to the wraps immediately start to dissipate upon removal from the package (also known as "gassing off"), a steady weight using the direct method could not be obtained initially, meaning the chemicals needed time to evaporate. Appx0483-0484, Appx0486-0487. CBP therefore recorded the weight after 24 hours when the wraps finally came to a steady weight. Appx0485.

In its complaint, New Image alleged multiple claims, most of which it abandoned below, and as relief, requested for reliquidation of the entries at issue using the 0.75 weight it declared at entry. *See* Appx0007 (trial court summarizing the claims alleged in the complaint). After nearly two years of discovery, both parties moved for summary judgment. During summary judgment, New Image changed course and argued, among other things, that CBP's second test (which calculated the 0.915 weight) was scientifically unreliable and that CBP "overreached its statutory authority by taxing non-tobacco components of roll-your-own tobacco." Appx00012; *see also* Appx0007. For relief, New Image advocated for the 0.71 weight from CBP's December 2011 test to assess the excise tax owed because, in its view, it "most reflects the actual tobacco" and "limits taxes on nontobacco materials that are not subject to excise taxes." Appx0698; *see also* Appx0007. New Image did not dispute the fact that a dry wrap is unusable. Appx0083-0084, Appx1135.

On July 23, 2019, the trial court granted our motion for summary judgment and denied New Image's motion. Appx0001-0022. The trial court held that

---

The average weight for the EZ Roll/XXL wraps that were sampled was 0.71 grams per wrap.

"{w}eighing all components essential to the final product in determining the correct tax is in accordance with the statute's definition of roll-your-own tobacco and is administratively practicable." Appx0014. In rejecting New Image's position that only the weight of the tobacco itself should be taxed, the trial court explained that "{h}ad Congress intended to tax only the tobacco itself, and not the entire processed tobacco product, then the excise tax statute would have been written so that the tax is determined on the basis of raw tobacco inputs rather than finalized product." Appx0014. "Instead, Congress sought to expand the federal excise tax to include previously excluded tobacco <u>products</u>." Appx0014 (emphasis in original).

The trial court also rejected New Image's position that the 0.71 weight (based on the direct method of allowing the wrap to partially dry for 24 hours prior to weighing) should be used to assess the excise tax instead of the 0.915 weight. The trial court held that "there is no genuine dispute over whether the wraps are useable when dry." Appx0014 n.12.

Finally, the trial court sustained CBP's assessment of excise tax on New Image's wraps using the 0.915 weight. Appx0017-0021. The trial court found that CBP's use of an indirect method to calculate the 0.915 weight was in accordance with law and scientifically valid under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). Appx0017-0021.

New Image appealed the trial court's decision. On appeal, New Image challenged the trial court's interpretation of the excise statute and its finding that CBP's use of an indirect method to calculate the 0.915 weight was scientifically valid. *See generally* Appellant Br. New Image also argued that the trial court relied upon an unsupported factual finding that "the wraps are not suitable for use and/or did not include all components 'essential' (or integral) to the final product" to reject the 0.71 weight advocated for by New Image. Appellant Br. at 11. This Court affirmed the trial court's decision, and issued the mandate on June 28, 2022.

On October 28, 2022, subsequent to final dismissal of this case, New Image filed complaints before the Court of International Trade in Court Nos. 14-00271 and 15-00316.[3] In the complaints, New Image alleged, for the first time, that CBP's 2012 laboratory reports are "material misrepresentations, false, and unreliable." 14-00271 Compl. ¶ 39; 15-00316 Compl. ¶ 39. Specifically, New Image asserts that "Customs laboratory reports attributed to Entry No. BIM-1120692[4] {sic} claim to include wraps (both products and flavors) which were

---

[3] Court Int'l Trade Nos. 14-00271 and 15-00316 (along with Court Int'l Trade Nos. 16-00016 and 16-00122) were suspended by the Court under the test case, Court Int'l Trade No. 15-00175.

[4] New Image misidentifies the entry number to which the 2012 laboratory reports are attributed. The entry number indicated on the 2012 laboratory reports is BIM-1120692-2. Entry no. BIM-1120692-2 was made by New Image on February 23, 2012.

not imported on this entry" and therefore the "source of these samples is unknown." 14-00271 Compl. ¶ 39; 15-00316 Compl. ¶ 39. After reviewing these claims, we have come to learn that the XXL wraps sampled and weighed by CBP's Los Angeles laboratory in 2012 were not taken from Entry No. BIM-1120692-2. When submitting the 350 tobacco wraps to the laboratory, the CBP import specialist submitted all of the samples referencing one entry number, BIM-1120692-2, and although some of the 350 samples submitted to the laboratory were taken from that entry, the XXL samples were not.[5] At this time, CBP has identified the entries from which six of the nine XXL samples were sourced.

## DISCUSSION

Although New Image never raised the source of the XXL samples as an issue in this case as it does in Court Int'l Trade Nos. 14-00271 and 15-00316, because we take our obligation of candor to the Court very seriously, and in the interest of transparency, we seek to withdraw the statements in this case involving certain representations about the specific entry number from which the XXL samples were taken. Specifically, as detailed in Attachment 1, the judicial record contains two instances where we stated that CBP weighed various wraps, including

---

[5] In email correspondence between the import specialist, who completed the Laboratory Sample Labels for each of the tobacco cigar wrap samples, and the Laboratory Director, the Laboratory Director indicated that it was acceptable to use one entry number for all the samples.

the XXL style, from an entry made by New Image in February 2012. Appellee Br. at 7. First, in our briefing, we stated that CBP "weighed approximately 350 various tobacco cigar wraps from an entry made by New Image in February 2012 (not one of the entries at issue in this case)." Appellee Br. at 7. Second, in our statement of undisputed material facts accompanying our summary judgment brief filed before the trial court, which is included in the Joint Appendix, we stated that CBP weighed "approximately 350 various tobacco cigar wraps from an entry made by New Image in February 2012." Appx0081.

We made these statements in good faith, and on a reasonable belief of what occurred during the testing of the samples by CBP. The laboratory reports identify Entry No. BIM-1120692-2 as the entry from which the XXL wrap samples were taken, and we had no indication prior to the recently filed complaints that such identification was incorrect. Appx0526-0638.

CBP has confirmed that the nine XXL wrap samples were sourced from at least three entries filed by plaintiff. Specifically, five of the XXL wrap samples were sourced from New Image Entry No. BIM-1120566-8 dated February 13, 2012.[6] One of the XXL wrap samples was sourced from New Image Entry No.

---

[6] Entry No. BIM-1120566-8 contains Kush XXL White Grape (Lab. Report No. LA2012-0389), Kush XXL Wet Mango (Lab. Report No. LA2012-0416), Kush XXL Sour Apple (Lab. Report No. LA2012-0421), Kush XXL Peach (Lab. Report

8

BIM-1120580-9 dated February 15, 2012.[7] At this time, CBP is unable to identify the additional entry or entries from which the remaining three of the XXL wrap samples were sourced.[8] CBP reached this conclusion by first reviewing the assigned import specialist's case notes, emails, and other case files, for additional information regarding the source of the XXL wrap samples weighed in 2012.[9] That review resulted in confirmation that the XXL wrap samples were sourced from several entries and a list of entry numbers from which the cigar wrap samples weighed in 2012 were sourced. CBP next reviewed the invoices and packing lists associated with the identified entry numbers and confirmed that the XXL flavors sampled were included in the identified entries.

CBP also conferred with the Assistant Laboratory Director, Dr. Sheila Eng, who approved the 2012 laboratory reports. Dr. Eng explained that the entry

---

No. LA2012-0440), and Kush XXL Blueberry (Lab. Report No. LA2012-0445). *See* Appx0526-0638.

[7] Entry No. BIM-1120580-9 contains Kush XXL Naked (Lab. Report No. LA2012-0419). *See* Appx0526-0638.

[8] The remaining XXL wrap samples are Kush XXL Purple Haze (Lab. Report Nos. LA2012-0415 and LA2012-0420) and Kush XXL Citrus EZ Roll (Lab. Report No. LA2012-0444). *See* Appx0526-0638.

[9] CBP spoke with retired import specialist, Ms. Donna Peterson, who was assigned to this case in 2012 regarding the source of the tobacco cigar wrap samples weighed in 2012. She was unable to provide any additional information and directed CBP to her emails, files, and case notes for the case.

number indicated at the top of the 2012 laboratory reports is the entry number provided on the Laboratory Sample Label accompanying the samples. CBP's review of the written laboratory protocol in place in 2012 confirms that the entry number indicated on laboratory reports is taken from the Laboratory Sample Label accompanying the sample. CBP's review of the Laboratory Sample Labels accompanying the XXL wrap samples confirmed that the entry number listed on each label is BIM-1120692-2. As stated above, when submitting the 350 wrap samples to the laboratory for testing, the import specialist identified only one entry on the Laboratory Sample Labels for all the wrap samples submitted to the laboratory. Although some of the 350 wrap samples were taken from Entry No. BIM-1120692-2, the XXL wrap samples were not.

Given that CBP has confirmed that none of the XXL wrap samples were taken from Entry No. BIM-1120692-2, we respectfully request to withdraw any representations we made to that effect in this case. Given that CBP has confirmed that the XXL wrap samples originated from multiple entries and cannot at this time confirm the source of three of the XXL wrap samples tested, we respectfully request to withdraw any representations we made in this case stating that the XXL wrap samples were sourced from one entry in February 2012.

## **CONCLUSION**

For these reasons, we respectfully request that our motion for leave to withdraw the statements identified on Attachment 1 be granted, and that these statements be removed from the judicial record of this case.

        Respectfully submitted,

        BRIAN M. BOYTON
        Principal Deputy Assistant
        Attorney General

        PATRICIA M. McCARTHY
        Director

        /s/ Justin R. Miller
By:  JUSTIN R. MILLER
        Attorney-In-Charge
        International Trade Field Office

        /s/ Hardeep K. Josan
        HARDEEP K. JOSAN
        Trial Attorney
        Department of Justice, Civil Division
        Commercial Litigation Branch
        26 Federal Plaza – Suite 346
        New York, New York 10278
        Tel. (212) 264-9245 or 9230
Dated: April 21, 2023        Attorneys for Defendant

## Attachment 1

**Def. Statement of Undisputed Material Facts, ¶ 8:** (Appx0081)

8.  In April 2012, U.S. Customs and Border Protection (CBP) weighed approximately 350 various tobacco cigar wraps ~~from an entry~~ made by New Image ~~in February 2012~~.  Def. Ex. 8 (document Bates numbered US001818).

**Appellee Br. – Page 7:**

Using the indirect method, CBP weighed approximately 350 various tobacco cigar wraps ~~from an entry~~ made by New Image ~~in February 2012 (not one of the entries at issue in this case)~~.  Appx0325-0326.